J-S32035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: B.S., A MINOR

APPEAL OF: A.S.-W., MOTHER

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 253 MDA 2018

Appeal from the Order Entered December 20, 2017
in the Court of Common Pleas of Mifflin County
Orphans' Court at No.: 18-2017

BEFORE: PANELLA, J., NICHOLS, J., and PLATT[*], J.

MEMORANDUM BY PLATT, J.: **FILED AUGUST 20, 2018**

A.S.-W. (Mother) appeals from the order of the Court of Common Pleas of Mifflin County (trial court), entered December 20, 2017, which involuntarily terminated her parental rights to her son, B.S. (Child) (born 8/08).[1]

Mifflin County Children and Youth Services (CYS) took Child into emergency custody on March 16, 2016. The trial court adjudicated Child dependent on April 11, 2016, based on allegations that Mother abused drugs and alcohol, and she was unable to care for Child. Child has remained in the legal custody of CYS ever since.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court confirmed the consent to termination of the parental rights of Child's natural father, J.P. (Father), in an order entered on December 8, 2017.

The trial court held permanency review hearings on September 1, 2016, February 3, 2017, and June 12, 2017, at each of which it found that Mother had not complied with the goals and objectives set forth for her in her child permanency plan.

CYS filed its petition to terminate Mother's parental rights on August 23, 2017. The trial court held a hearing on that petition on December 8, 2017. The trial court appointed a guardian *ad litem* to represent Child.

At the hearing, Mother testified she was incarcerated and had been since June 12, 2017. (**See** N.T. Hearing, 12/08/17, at 68).[2]

Mother testified that she left Child in the care of S.S. (Putative Father) in 2013 when she entered rehab, despite several PFAs she had entered against him. (**See id.** at 76-77, 97). Mother testified that she only saw Child two times in 2014. (**See id.** at 99). Mother was incarcerated for three and one half months in the spring of 2015, after which she moved back in with Putative Father and Child for two weeks. (**See id.** at 99-100). Mother testified she did not see Child much in the remainder of 2015 other than a trip to the beach in August of that year, and for Thanksgiving and Christmas. (**See id.** at 100-01). During this time, Mother lived with various friends. (**See id.** at 101).

---

[2] Mother was incarcerated at SCI Cambridge Springs at the time of the termination hearing. Mother's incarceration was not a material factor in her failure to correct the conditions that led to Child's removal from her care.

- 2 -

By her own admission, Mother had no contact with Child during 2016, and she was again using heroin. (*See id.* at 102-03).

Mother admitted that she did nothing to preserve her relationship with Child from the time of placement in March of 2016, through her incarceration in the spring of 2017, because she was on the run from an outstanding warrant and not capable of caring for Child. (*See id.* at 107). She admitted to not giving her address to CYS because of the same outstanding warrant. (*See id.* at 103-04).

Mother has provided no financial support for Child while Child has been in placement. (*See id.* at 105). Mother acknowledged that she never got a mental health evaluation, never went to rehab and did not have stable housing as provided for in the child permanency plans. (*See id.* at 108).

Nicole Patkalitsky, Child's caseworker at CYS, testified that there is no evidence of any bond between Mother and Child, and that Child has never asked to see Mother. (*See id.* at 42). When asked if the termination of Mother's parental rights would have any negative impact on Child, Ms. Patkalitsky answered, "None whatsoever." (*Id.*). Ms. Patalinsky testified that Child looks to his pre-adoptive foster mother, "for everything." (*Id.* at 41). Ms. Patkalitsky opined that the termination of Mother's parental rights would be in Child's best interests. (*See id.* at 42).

The trial court entered its order involuntarily terminating Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(2), (5), (8) and (b) on

December 20, 2017. Mother filed her notice of appeal and concise statement of errors complained of on appeal on January 22, 2018.

Mother raises the following question on appeal:

1. Whether the orphans' court committed an abuse of discretion or error of law when it concluded that [CYS] established grounds for termination of parental rights under 23 Pa.C.S.A. §2511(a)(2), (a)(5), and (a)(8)?

(Mother's Brief, at 5).

Our standard of review is as follows:

In an appeal from an order terminating parental rights, our scope of review is comprehensive: we consider all the evidence presented as well as the trial court's factual findings and legal conclusions. However, our standard of review is narrow: we will reverse the trial court's order only if we conclude that the trial court abused its discretion, made an error of law, or lacked competent evidence to support its findings. The trial judge's decision is entitled to the same deference as a jury verdict.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

Further, we have stated:

Where the hearing court's findings are supported by competent evidence of record, we must affirm the hearing court even though the record could support an opposite result.

We are bound by the findings of the trial court which have adequate support in the record so long as the findings do not evidence capricious disregard for competent and credible evidence. The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence. Though we are not bound by the trial court's inferences and deductions, we may reject its conclusions only if they involve errors of law or are clearly unreasonable in light of the trial court's sustainable findings.

- 4 -

*In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004) (citations omitted).

The trial court terminated Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(2), (5), (8), and (b). In order to affirm the termination of parental rights, this Court need only agree with any one subsection of Section 2511(a). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*), *appeal denied*, 863 A.2d 1141 (Pa. 2004).

Requests to have a natural parent's parental rights terminated are governed by 23 Pa.C.S.A. § 2511, which provides, in pertinent part:

**§ 2511. Grounds for involuntary termination**

**(a) General rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

\* \* \*

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

\* \* \*

**(b) Other considerations.**—The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6)

or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. §§ 2511(a)(8) and (b).

With regard to Section 2511(a)(8), in order to terminate parental rights, an agency must prove by clear and convincing evidence that (1) that the child has been removed from the care of the parent for at least twelve (12) months; (2) that the conditions which had led to the removal or placement of the child still exist; and (3) that termination of parental rights would best serve the needs and welfare of the child.

*In re C.L.G.*, 956 A.2d 999, 1005 (Pa. Super. 2008) (citation and internal quotation marks omitted).

It is well settled that a party seeking termination of a parent's rights bears the burden of proving the grounds to so do by "clear and convincing evidence," a standard which requires evidence that is "so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re T.F.*, 847 A.2d 738, 742 (Pa. Super. 2004) (citation omitted). Further,

[a] parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

*In the Interest of K.Z.S.*, 946 A.2d 753, 759 (Pa. Super. 2008) (citation omitted).

- 6 -

The Adoption Act provides that a trial court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S.A. § 2511(b). The Act does not make specific reference to an evaluation of the bond between parent and child but our case law requires the evaluation of any such bond. *See In re E.M.*, 620 A.2d 481, 484 (Pa. 1993). However, this Court has held that the trial court is not required by statute or precedent to order a formal bonding evaluation performed by an expert. *In re K.K.R.-S.*, 958 A.2d 529, 533 (Pa. Super. 2008).

We have examined the record and are satisfied that it contains sufficient credible evidence to terminate Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(8).

Child was removed from Mother's care in March of 2016 and has been in foster care continuously since then. The conditions that led to Child's placement, Mother's abuse of drugs and her inability to care for Child, exist in that Mother admits to heroin use and has failed to meet any of the goals of her child permanency plan. The trial court did not err or abuse its discretion when it terminated Mother's parental rights pursuant to subsection (a)(8).

Although Mother did not challenge the termination of her parental rights under subsection (b), our review of the record reveals sufficient evidence to terminate her parental rights under that section.

Ms. Patkalitsy's testimony makes clear that there is no bond between Mother and Child and that the termination of Mother's parental rights would have no detrimental effect on Child. Child is in a pre-adoptive foster home where his foster parent provides for all his needs. The trial court did not abuse its discretion when it terminated Mother's parental rights pursuant to subsection (b).

Accordingly, we affirm the order of the Court of Common Pleas of Mifflin County that terminated Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(8) and (b).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/20/2018